**DIAN BIN JIANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] Attorney General, Respondent.**

**No. 04–2757–ag.**

United States Court of Appeals,
Second Circuit.

June 9, 2006.

David X. Feng, New York, NY, for Petitioner.

Frank D. Whitney, United States Attorney for the Eastern District of North Carolina; Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, NC, for Respondent.

Present: JAMES L. OAKES, AMALYA L. KEARSE and DENNIS JACOBS, Circuit Judges.

### SUMMARY ORDER

Dian Bin Jiang, through counsel, petitions for review of the April 2004 BIA order denying his motion to reopen removal proceedings based on his marriage and the birth of two United States-citizen children. In December 2003, the BIA had dismissed Jiang's appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

Because Jiang failed to address the BIA's findings in the April 2004 order, any challenge to them is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005) (emphasizing that issues not sufficiently argued in the briefs are considered waived and ordinarily will not be addressed on appeal).

Even if Jiang had adequately addressed the BIA's decision, the BIA did not abuse its discretion in denying the motion. The BIA properly found that Jiang failed to submit evidence that his children born outside of China would subject him to the family planning policy, or that they would accompany him to China. The marriage certificate and birth certificates submitted

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

by Jiang reveal only that he is married and that his children were born in 2001 and 2002, respectively. Accordingly, in the absence of record support for Jiang's assertion that he would be subjected to future persecution in China due to China's coercive population control practices, his fear is speculative at best. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Our review having been completed, Jiang's pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument of this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).